EFILED Document
CO Eagle County District Court 5th JD
Filing Date: Oct 4 2005 4:27PM MDT
Filing ID: 6940917
Review Clerk: Wanda Schierkolk

| District Court, Eagle County, Colorado<br>Court address:<br>P.O. Box 597<br>Eagle, CO 81631<br>(970)328-6373 | ▲ COURT USE ONLY ▲ |
|---|---|
| **Plaintiff:**  JESSE BROWN, JR., TERRI BROWN, JASON LAX, AND RENEE LAX<br><br>**Defendant:**  JOHN MITCHELL | Case No:<br><br>Division/Courtroom |
| Plaintiff's Attorneys:<br>Steven A. Shapiro; #12928<br>Melissa J. Winthers, #30129<br>Fleishman & Shapiro P.C.<br>1600 Broadway, #2600<br>Denver, CO 80202<br>Telephone: 303-861-1000<br>Fax Number: 303-894-0857<br>E-mail: sshapiro@colorado-law.net and mwinthers@colorado-law.net, respectively | This case is NOT subject to the simplified procedures for court actions under Rule 16.1 because claims against any party exceed $100,000 |
| COMPLAINT AND JURY DEMAND | |

Plaintiffs, by and through their attorneys, Fleishman & Shapiro P.C., for their Complaint, state, allege, and aver as follows.

## FIRST CLAIM FOR RELIEF

1.     At all times pertinent hereto, Plaintiff Jesse Brown and Plaintiff Terri Brown were residents of the city of San Pierre, State of Indiana.  Plaintiff Jason Lax and Plaintiff Renee Lax were residents of the city of Schereville, State of Indiana.

2.     Upon information and belief, at all times pertinent hereto, Defendant John Mitchell resided at 1304 Top Hill Road, Fairdale, State of Kentucky.

3.     On or about October 23,2002, at approximately 10:35 p.m., Defendant was driving a 1998 Dodge pickup which was towing a trailer with a trunk badly tied to the trailer eastbound on I-70 in Eagle County, State of Colorado.

1

4.     On or about October 23, 2002, at approximately 10:35 p.m., Plaintiff Jesse Brown was driving a Ford Expedition eastbound on I-70 in the County of Eagle, State of Colorado.  Plaintiff Jason Lax was a passenger in the vehicle driven by Plaintiff Jesse Brown.

5.     At all times relevant hereto, Defendant Mitchell owed a duty to Plaintiffs to operate the vehicle he was driving in a safe and reasonable manner and to ensure that the objects he had tied to the trailer were secure.

6.     On October 23, 2002, Defendant negligently and/or carelessly failed to properly secure the trunk tied to the trailer and dropped his load on the highway.  This caused Plaintiff Brown to swerve to avoid the trunk and  Defendant Mitchell who had gotten out of his vehicle to retrieve the trunk from the right traffic lane.  As a result of the road hazard, Plaintiff Brown collided with the guard rail and the vehicle he was operating rolled over.

7.     Defendant breached the aforementioned duty to Plaintiffs at said time and place, said breach including, but not limited to, the following negligent acts and/or omissions:

     a.     Operating a vehicle in a negligent and/or careless manner;

     b.     Failing to secure his load;

     c.     Acting in an otherwise negligent manner, as will be demonstrated by evidence at trial.

8.     As a direct and proximate result of Defendant's negligence, Plaintiff Jesse Brown sustained severe and permanent injuries and damages in an amount to be determined at trial, including, but not limited to:

     a.     Past, present and future medical, hospital, pharmaceutical, rehabilitation and related expenses;

     b.     Past, present and future pain and suffering;

     c.     Past, present and future emotional distress;

     d.     General, neurological, and musculoskeletal injuries including, but not limited to, the following:

          i.     ruptured right ear drum;
          ii.    deviated septum, which was surgically repaired on 1/17/03;
          iii.   right biceps tendon tear and torn rotator cuff necessitating shoulder reconstruction performed on February 3, 2005;

2

  iv. L4/5 radiculopathy;
  v. facet damage in his low back; and
  vi. post traumatic stress disorder.

 e. Temporary and/or permanent physical impairment;

 f. Impairment of the enjoyment and quality of life; and

 g. Loss of earnings and earning capacity.

9. As a direct and proximate result of the negligence and/or carelessness of the Defendant, Plaintiff Jesse Brown has sustained permanent injuries and has incurred or will incur reasonable and necessary medical expenses having a value in excess of the statutory threshold as established by C.R.S. § 10-4-714.

10. As a direct and proximate result of Defendant's negligence, Plaintiff Jason Lax sustained severe and permanent injuries and damages in an amount to be determined at trial, including, but not limited to:

 a. Past, present and future medical, hospital, pharmaceutical, rehabilitation and related expenses;

 b. Past, present and future pain and suffering;

 c. Past, present and future emotional distress;

 d. General, neurological, and musculoskeletal injuries including, but not limited to, the following:

  i. comminuted, displaced fracture of his left clavicle

 e. Temporary and/or permanent physical impairment;

 f. Impairment of the enjoyment and quality of life; and

 g. Loss of earnings and earning capacity.

11. As a direct and proximate result of the negligence and/or carelessness of the Defendant, Plaintiff Jason Lax has sustained permanent injuries and has incurred or will incur reasonable and necessary medical expenses having a value in excess of the statutory threshold as established by C.R.S. § 10-4-714.

WHEREFORE, Plaintiffs pray for relief as more fully set forth below.

## SECOND CLAIM FOR RELIEF

10.     Plaintiffs reallege and incorporate by reference all paragraphs as referenced in the First Claim for Relief, as if fully set forth herein.

11.     At all times pertinent hereto, certain state statutes and municipal ordinances were in full force and effect, including, but not limited to, C.R.S. §42-4-1402(2) - careless driving, and C.R.S. §42-4-1407, spilling load on highway.

12.     Defendant's conduct on October 23, 2002 was in violation of one or more of the above-mentioned statutes and ordinances and constitutes negligence per se.

13.     As a direct and proximate result of the negligence per se of Defendant, Plaintiffs have suffered the injuries, damages and losses more particularly described above.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## THIRD CLAIM FOR RELIEF

14.     Plaintiffs reallege and incorporate by reference all paragraphs as referenced in the First and Second Claims for Relief, as if fully set forth herein.

15.     At all times pertinent hereto Plaintiff Terri Brown was married to Plaintiff Jesse Brown.

39.     As a direct and proximate result of the previously described negligence of Defendant, Plaintiff Jesse Brown incurred damages, losses and injuries as earlier described.

40.     Plaintiff Terri Brown has suffered non-economic damages as a direct and proximate result of the damages and injuries suffered by her husband, in the form of loss society and companionship, comfort of her injured spouse, intimate relations with her husband and loss of consortium.

41.     Plaintiff Terri Brown has also suffered economic damages in the form of loss of household services that her injured spouse, Plaintiff Jesse Brown, would have performed as well as expenses which Plaintiff Terri Brown has incurred or will incur as a result of the injuries and damages sustained by her husband.

## FOURTH CLAIM FOR RELIEF

15.     Plaintiffs reallege and incorporate by reference all paragraphs as referenced in the First through Third Claims for Relief, as if fully set forth herein.

15.     At all times pertinent hereto Plaintiff Renee Lax was married to Plaintiff

4

Jason Lax.

39.     As a direct and proximate result of the previously described negligence of Defendant, Plaintiff Jason Lax incurred damages, losses and injuries as earlier described.

40.     Plaintiff Renee Lax has suffered non-economic damages as a direct and proximate result of the damages and injuries suffered by her husband, in the form of loss society and companionship, comfort of her injured spouse, intimate relations with her husband and loss of consortium.

41.     Plaintiff Renee Lax has also suffered economic damages in the form of loss of household services that her injured spouse, Plaintiff Jason Lax, would have performed as well as expenses which Plaintiff Renee Lax has incurred or will incur as a result of the injuries and damages sustained by her husband.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter an Order of Judgment in favor of Plaintiffs and against Defendant in amount to be determined at trial, plus interest as allowed by Colorado law, for costs, expert witness fees, and all other items allowed by statute or rule, and for such other and further relief as the Court deems just and proper under the circumstances.

**PLAINTIFFS DEMAND A TRIAL TO A JURY OF SIX PEOPLE.**

Respectfully submitted,

FLEISHMAN & SHAPIRO P.C.

_____
Melissa J. Winthers, #30129
Attorneys for Plaintiffs

Plaintiffs' Address

Jesse and Terri Brown
11655 West State Road 10
San Pierre, IN 46374

Jason and Renee Lax
11 Helena Drive
Schereville, IN 46375

5